UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>GARY N. WAYMAN,<br><br>　　　　　　　　Defendant. | Case No. 13-cv-02203-BAS(BLM)<br><br>**ORDER DENYING MOTION FOR STAY OF EXECUTION OF JUDGMENT PENDING APPEAL**<br><br>**[ECF No. 59]** |

## I.　INTRODUCTION

The Court granted summary judgment in this action in favor of Plaintiff and against Defendant Gary N. Wayman. (ECF No. 45.) On March 17, 2016, the Clerk of the Court entered judgment against Wayman in the amount of $159,666.75, plus interest and costs as allowed by law. (ECF No. 55.) Wayman filed a notice of appeal, and he now moves for a stay of the execution of the judgment pending resolution of his appeal. (ECF No. 59.) Plaintiff opposes. (ECF No. 63.)

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d). For the following reasons, the Court **DENIES** Wayman's Motion for Stay of Execution of Judgment Pending Appeal.

## II. DISCUSSION

With a few specified exceptions, Federal Rule of Civil Procedure 62(a) automatically stays the execution or enforcement of a judgment for fourteen days after entry of the judgment. A party who files an appeal may obtain a stay beyond this period by filing a supersedeas bond. Fed. R. Civ. P. 62 (d).

The purpose of a supersedeas bond is to shield an appellee from a loss that could result from the stay. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987); *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). A judgment debtor who wishes to appeal may also choose to use a supersedeas bond "to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). The judgment debtor may provide the bond "upon or after filing the notice of appeal." Fed. R. Civ. P. 62 (d). "The stay takes effect when the court approves the bond." *Id.*

In the alternative, a district court has the discretion to "waive the bond requirement or allow the judgment debtor to use some alternative type of security." *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990); *accord Fed. Prescription Serv. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755, 759–61 (D.C.Cir.1980) (noting Rule 62 "in no way necessarily implies that filing a bond is the only way to obtain a stay"); *N. Ind. Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir.1986) (holding district court has discretion to waive $2 million appeal bond). In determining whether to waive the bond requirement, the court may consider factors including:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position.

1  *Dillon v. Chicago*, 866 F.2d 902, 904–905 (7th Cir.1988).

2  Here, Wayman submits that he is currently discussing settlement options with Plaintiff and is contemporaneously pursuing a supersedeas bond to stay the action. (Mot. 2:17–22, ECF No. 59.) He requests the Court issue a stay "without the bond requirement" or, in the alternative, "issue a temporary stay of enforcement" until after the parties are able to further discuss settlement. (*Id.* at 3:19–4:3.)

Having considered Wayman's motion and supporting declaration, the Court finds that staying the execution of the judgment is not warranted. Wayman has not demonstrated that waiving the bond requirement temporarily or altogether is appropriate. For instance, there is no indication here that the bond requirement would place other creditors in an insecure position or that a bond would be an unnecessary waste. Accordingly, given that Plaintiff has the right to execute on the judgment, the Court finds Wayman must post a supersedeas bond if he wishes to stay the execution of the judgment pending resolution of his appeal.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Gary N. Wayman's Motion for Stay of Execution of Judgment Pending Appeal (ECF No. 59).

**IT IS SO ORDERED.**

DATED: May 25, 2016

Hon. Cynthia Bashant
United States District Judge